1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN JAIMES, | ) Case No.: 1:14-cv-00952-LJO-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING COMPLAINT, WITH |
| v. | ) LEAVE TO AMEND, FOR FAILURE TO STATE |
| | ) A COGNIZABLE CLAIM FOR RELIEF |
| DR. ROBERT J. BARNES, et al., | ) |
| | ) [ECF No. 1] |
| Defendants. | ) |
| | ) |

Plaintiff Juan Jaimes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on June 19, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

3  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally

4  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,

5  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

6        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

7  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

8  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

9  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

10  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,

11  556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer

12  possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

13  consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556

14  U.S. at 678; Moss, 572 F.3d at 969.

15  ## II.

16  ## COMPLAINT ALLEGATIONS

17        Plaintiff names Robert J. Barnes, J. Akanno, S. Schaefer, S. Lopez, I. Patel, Neighbors,

18  Kauffman, Finnigan, S. Tallerico, H. Sierra, E. Borrero, S. Hennis, and B. Da Veiga, all employed at

19  Kern Valley State Prison (KVSP) as Defendants in this action.

20        Plaintiff contends on April 6, 2012, Defendant Neighbors subjected him to cruel and unusual

21  punishment because he worsened his medical situation by failing to call medical staff to transport

22  Plaintiff by stretcher to the medical center.  Because Plaintiff was not bleeding and looked fine,

23  Defendant Neighbors ordered him to walk to the medical clinic, despite Plaintiff's advisement that he

24  was unable to move because he felt as though he broke his back while playing sports.

25        On April 6, 2012, when Plaintiff arrived at the medical clinic at KVSP, an unknown nurse took

26  his vitals and Plaintiff explained that he was in excruciating and serious pain and could not move.  An

27  unknown officer and Defendant Neighbors then placed Plaintiff in shackles and he was sent to the

28  correctional treatment center.  Plaintiff's vitals were taken and he was given a shot of Toradol and then

transported to Delano Regional Medical Center (DRMC) by ambulance.  Approximately two hours after arriving at DRMC, x-rays were taken and was then sent back to the observation room.  All staff ignored Plaintiff's cry for help and indicated that he looked "fine."  Approximately an hour after his arrival at the medical clinic, Defendant Doctor Barnes advised Plaintiff that he was suffering muscle spasms and the x-rays showed no injury.  Plaintiff was given six Robaxin pills, an ice pack, and ten Ibuprofen pills and returned to his housing unit.  Later Plaintiff was informed by Defendant Schaffer that Doctor Barnes had misdiagnosed Plaintiff.

On April 11, 2012, Plaintiff was complaining of severe pain and inability to walk and finally called the medical clinic and was examined by Defendant I. Patel.  Plaintiff informed Defendant Patel that his back "sags" when he stands and uses the restroom and he feels as though he is going to collapse at any given minute.  Plaintiff informed Defendant Patel of the injury he suffered on April 6, 2012, and the fact that he was sent to DRMC, but was told nothing was wrong beyond muscle spasms.

Defendant Patel advised Plaintiff that his back was bruised and knotted due to muscle back spasms.  Defendant Patel refused Plaintiff's request to returned to DRMC or a different facility, and advised Plaintiff he would be "fine" and prescribed Ibuprofen and a wheel chair for the pain.

On May 31, 2012, Defendant J. Akanno took Plaintiff of his pain medication for legitimate reason which subjected Plaintiff to enormous pain and suffering.  Defendant Akanno also denied Plaintiff any type of medical chromos of medical appliances, and told Plaintiff he was fine.

On April 17, 2012, Plaintiff was examined by Defendant S. Schaefer who told Plaintiff they had misdiagnosed his back problem.  Defendant Schaefer advised Plaintiff he had a triple disco L1 fracture and a rupture/burst disc.  Defendant Schaefer told Plaintiff he was being transported by ambulance to San Joaquin Community Hospital for examination by a specialist.

Defendant Schaefer also examined Plaintiff on other occasions and never ordered any pain medication or any other type of treatment.

Defendant S. Lopez, Chief Medical Officer, caused Plaintiff to suffer cruel and unusual punishment because of his awareness of Plaintiff's broken back problem and failure to properly supervise and train the named defendants.

Defendant Kauffman denied Plaintiff showers throughout the time Plaintiff suffered from his back injury, despite his knowledge of such injury.  Defendant Kauffman would tell Plaintiff if he wanted to shower the top tier was open or else Defendant would indicate that Plaintiff refused and there would be one less prisoner to supervise in the shower.

Defendant Finnigan, a Correctional Sergeant at KVSP, caused Plaintiff to suffer cruel and unusual punishment by failing to properly train and supervise the named defendants.

## III.

## DISCUSSION

### A.    Inmate Grievance Procedure

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation.  Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

To the extent Plaintiff seeks to raise an independent constitutional violation based on the processing, handling, or improper response to his inmate appeals, Plaintiff fails to state a cognizable claim for relief.

### B.    Access to the Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing

1  Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415

2  (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

3       Although Plaintiff mentions denial of access to the court, Plaintiff fails to set forth any facts to

4  support such a claim.  Accordingly, Plaintiff fails to state a cognizable claim for relief based on

5  alleged denial of access to the courts.

6       **C.**      **Deliberate Indifference to Serious Medical Need**

7        For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a

8  serious medical need by demonstrating that failure to treat [his] condition could result in further

9  significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's

10 response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.

11 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown

12 by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b)

13 harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The

14 requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due

15 care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted);

16 Wilhelm, 680 F.3d at 1122.

17      Plaintiff fails to state a cognizable claim for deliberate indifference against any of the named

18 prison professionals.  Plaintiff contends that Defendants Barnes and Patel misdiagnosed his back

19 problem as due to muscle spasms, however, Plaintiff fails to demonstrate how Defendant Barnes acted

20 with deliberate indifference to a serious medical need.  Ordinary lack of due care, or even gross

21 negligence, does not constitute deliberate indifference.  In addition, the fact that Defendant Akanno

22 took Plaintiff of his pain medication or that Defendant Schaefer did not prescribe certain pain

23 medication, alone, does not give rise to a claim for deliberate indifference to a serious medical need.

24 Although Plaintiff may have preferred a different treatment or certain pain medication, his personal

25 preference is not the measure for a constitutional violation.  At most Plaintiff has shown a difference

26 of opinion between himself and his medical professional concerning the appropriate course of

27 treatment, which does not rise to the level of deliberate indifference to serious medical needs.  As to

28 Plaintiff's claim that Defendant Kauffman forced Plaintiff to shower up stairs or refuse a shower, fails

to allege sufficient factual detail to support a claim that Kauffman acted with the requisite "deliberate indifference."  Plaintiff has not presented sufficient factual circumstances to demonstrate that Defendant Kauffman knew of Plaintiff's serious medical need and purposely acted with indifference or indifferently failed to respond to that need, with harm caused by the indifference.  Accordingly, Plaintiff fails to state a claim for deliberate indifference, however, he will be given the opportunity to amend the complaint to cure the deficiencies, if he can do so.

**D.     Supervisory Liability**

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff seeks to hold Defendant CMO, Lopez and Correctional Sergeant Finnigan liable for the failure to train and/or supervise their subordinate employees.  However, Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Defendants Lopez and Finnigan, and the only basis for such a claim would be respondeat superior, which is precluded under section 1983.  Accordingly, Plaintiff fails to state a claim for relief based on supervisory liability.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

///

6

adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.     Plaintiff's complaint, filed June 19, 2014, is dismissed for failure to state a claim;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 16, 2014**

_____
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28