# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES,<br><br>   Plaintiff,<br><br>  v.<br><br>DR. ROBERT J. BARNES, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-00952-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO ACCEPT REPLY NUNC PRO TUNC<br><br>[ECF No. 50] |

  Plaintiff Juan Jaimes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Defendants' request to accept their reply to Plaintiff's opposition to the motion for summary judgment nunc pro tunc.

  On September 21, 2015, Defendants moved for summary judgment based on Plaintiff's failure to exhaust the administrative remedies. After receiving several extensions of time, Plaintiff filed an opposition to Defendants' motion on April 18, 2016. Pursuant to Local Rule 230(l), Defendants had until April 25, 2016, to file a reply.

  Defense counsel submits that although he completed the reply by April 21, 2016, he inadvertently failed to file and serve it by April 25, and did not become aware of his omission until May 2, 2016.

///

1

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act … must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1). Whether "excusable neglect" will lie requires consideration of four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith.  <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'Ship</u>, 507 U.S. 380, 394 (1993).  Before <u>Pioneer</u>, the term "excusable neglect" was commonly understood to cover only situations beyond an attorney's control, not negligence on the part of counsel.  Under <u>Pioneer</u>, "excusable neglect" covers "situations in which the failure to comply with a filing deadline is attributable to negligence."  <u>Id.</u> at 395.

In this instance, the four factors of <u>Pioneer</u> weigh in Defendants' favor as Plaintiff will not suffer prejudice by the acceptance of Defendants' late reply, the reply was filed only a week after the deadline, the failure to file a timely reply was based on counsel's mistaken belief he had timely filed and served the reply, and the record is devoid of any indication that defense counsel acted in bad faith. Accordingly, the Court will accept Defendants' reply nunc pro tunc to April 21, 2016.

IT IS SO ORDERED.

Dated:   **May 3, 2016**

UNITED STATES MAGISTRATE JUDGE