**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN JAIMES, | ) Case No.: 1:14-cv-00952-LJO-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT  BARNES' |
| v. | ) REQUEST TO ACCEPT REPLY NUNC PRO |
| | ) TUNC |
| DR. ROBERT J. BARNES, et al., | ) |
| | ) [ECF No. 54] |
| Defendants. | ) |
| | ) |

Plaintiff Juan Jaimes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Barnes' request to accept his reply to Plaintiff's opposition to the motion for summary judgment nunc pro tunc.

On September 21, 2015, Defendants moved for summary judgment based on Plaintiff's failure to exhaust the administrative remedies.  After receiving several extensions of time, Plaintiff filed an opposition to Defendants' motion on April 18, 2016.  Pursuant to Local Rule 230(l), Defendant had until April 25, 2016, to file a reply.

Defense counsel submits that he was unable to file a reply brief due to personal family matters that required him to be unavailable from April 21 through April 29, 2016.

///

1

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act … must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1). Whether "excusable neglect" will lie requires consideration of four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith.  Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 394 (1993).  Before Pioneer, the term "excusable neglect" was commonly understood to cover only situations beyond an attorney's control, not negligence on the part of counsel.  Under Pioneer, "excusable neglect" covers "situations in which the failure to comply with a filing deadline is attributable to negligence."  Id. at 395.

In this instance, the four factors of Pioneer weigh in Defendant's favor as Plaintiff will not suffer prejudice by the acceptance of Defendant's late reply, the reply was filed shortly after the deadline, the failure to file a timely reply was based on counsel's unfortunate personal circumstances, and the record is devoid of any indication that defense counsel acted in bad faith.  Accordingly, the Court will accept Defendant's reply nunc pro tunc to April 21, 2016.

IT IS SO ORDERED.

Dated:   **May 5, 2016**

_____
UNITED STATES MAGISTRATE JUDGE

2