# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEIGHBORS,<br><br>　　　　　　Defendant. | Case No.: 1:14-cv-00952-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR INCARCERATED WITNESSES AND PRETRIAL STATEMENT, GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL STATEMENT, AND DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF Nos. 104, 105] |

Plaintiff Juan Jaimes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 16, 2017, Plaintiff filed a motion for an extension of time to file his request for incarcerated witnesses, filed October 16, 2017. On October 23, 2017, Defendant filed a motion for an extension of time to file his pretrial statement.

This action is proceeding against Defendant Neighbors for deliberate indifference to a serious medical need in violation of the Eighth Amendment. The action is set for jury trial before United States Chief District Judge, Lawrence J. O'Neill on February 6, 2018 at 8:30 a.m., and a telephonic pretrial conference is set for December 14, 2017, at 8:30 a.m.

///

///

1

Pursuant to the Court's July 31, 2017, second scheduling order, Plaintiff pretrial statement and motion for incarcerated witnesses was due on or before October 13, 2017. To date, Plaintiff has not filed his pretrial statement and, on October 16, 2017, requested an extension of time to file his motion for incarcerated witnesses.

In his request for an extension of time, Plaintiff submits that he has been recently transferred to a different prison, and in February 2017 he suffered a fracture to his right hand resulting in surgery in August 2017. Plaintiff requests an extension of time to file his motion for incarcerated witnesses which was due on or before October 13, 2017 and seeks appointment of counsel. The Court also notes that Plaintiff's pretrial statement was due on or before October 13, 2017, and Plaintiff has failed to file his statement. Because Plaintiff has failed to file his pretrial statement, Defendant has requested an extension of time to file his statement until two weeks after Plaintiff's statement is filed.

On the basis of good cause, the Court will grant Plaintiff an extension of time to file both his motion for incarcerated witnesses and pretrial statement to and including, November 13, 2017. Defendant's pretrial statement shall be due on or before November 27, 2017.

Plaintiff is advised that no further extensions of time will be granted, absent extraordinary circumstances, not present here, and the failure to file a pretrial statement may result in the imposition of sanctions including dismissal of the action. Fed. R. Civ. P. 16(f)(1)(C). The trial date in this matter is impending and all deadlines must be strictly enforced. This Court has an enormous caseload, and when litigants disregard orders of the court and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised.

With regard to Plaintiff's second request for appointment of counsel, it shall be denied. As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

2

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff is proceeding on a claim of deliberate indifference to his medical needs and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint and filed several motions in the action. Plaintiff's has failed to demonstrate exceptional circumstances to warrant the appointment of voluntary counsel in this action. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Circumstances common to most prisoners, such as lack of funds, legal education and limited law library access and other resources, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's second motion for appointment of counsel is DENIED.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to file both his motion for incarcerated witnesses and pretrial statement is granted to November 13, 2017;

2. Defendant's motion for an extension of time to file his pretrial statement is granted to November 27, 2017;

3. Plaintiff's second motion for appointment of counsel is denied; and

///
///
///
///

4. The failure to comply with this order may result in the imposition of sanctions, including dismissal of the action.

IT IS SO ORDERED.

Dated: **October 24, 2017**

_____
UNITED STATES MAGISTRATE JUDGE