# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT J. BARNES, et al.,<br><br>        Defendants. | 1:14-cv-00952-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS IN LIMINE (ECF No. 113)** |

This case concerns Plaintiff Juan Jaimes's ("Plaintiff") claim of deliberate indifference to a serious medical need against Defendant J. Neighbors ("Defendant"). Plaintiff alleges that Defendant refused to treat him after Plaintiff fractured his spine while playing basketball at Kern Valley State Prison on April 6, 2012. ECF No. 112 at 2. This matter is set for trial on March 27, 2018. Plaintiff filed motions in limine on January 22, 2018. ECF No. 113. Defendant filed an opposition on January 29, 2018. ECF No. 114. In accordance with Local Rule 230(g), the Court finds this motion suitable for decision on the papers.

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the

formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at 440.

Generally, all relevant evidence is admissible. Federal Rule of Evidence ("Rule") 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 401. Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403.

Plaintiff seeks to exclude 45 separate items, offering a blanket argument that the items are "irrelevant, prejudicial, confusing, improper, or an undue consumption of time." ECF No. 113 at 1-4. Plaintiff makes the following specific arguments to exclude: "material that has no relevance to the incident of which Plaintiff's intant [*sic*] first amended complaint is before this court;" "abstracts of judgments that are over 15 years old and of which Plaintiff is no longer in prison for;" and "rules violation reports that do not exist on record and that have no relevance to this case." *Id*. at 4. Plaintiff also argues that "[o]n all other documents defendants inte[d] to use there is no evidence of an RVR's [*sic*] like the allege[d] rule violation report for allege[d] 'cheekin' morphine," and that negative documentation was placed in his file in retaliation and to harass him for filing this case. *Id*.

Defendant, having reviewed Plaintiff's motions in limine, withdraws the following three items: Rules Violation Report CSP-Cor 4B-14-05-037 (Item 6); Rules Violation Report KVSP ASU 1-12-10-

002 (Item 8); and CDC 7219 Medical Report of Injury (Item 11). ECF No. 114 at 4. Defendant argues that the three abstracts of judgment for Plaintiff's felony convictions (Items 2-4) are admissible as self-authenticating documents and under Rule 609. Rule 609 provides that for the purposes of impeachment, evidence of a criminal conviction "must be admitted, subject to Rule 402, in a civil case . . . in which the witness is not a defendant" if the conviction is for a crime punishable by death or by imprisonment for more than one year. Rule 609(a)(1). Evidence of a criminal conviction, however, is admissible only if "its probative value . . . substantially outweighs its prejudicial effect" and "the proponent gives an adverse party reasonable written notice of the intent to use it" when "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Rule 609 (b). The only felony conviction of Plaintiff that occurred more than 10 years ago dates to September 3, 2013. ECF No. 113 at 1; Ex. A. Plaintiff was sentenced to a total of 12 years for that conviction. *Id*. There is no indication that Plaintiff has been released from confinement for that conviction at this time. Therefore, his motions in limine are denied, and the abstracts and evidence of Plaintiff's felony convictions may be used for impeachment purposes. Defendant has represented, however, that he will not introduce the abstracts of judgment if Plaintiff agrees to stipulate to the facts of the convictions, the offenses of which he was convicted, the dates of the convictions, and the length of the sentences imposed. *Id*. at 3.

As to Plaintiff's remaining motions in limine, Defendant argues that the documents from Plaintiff's prison file[1] are records of a regularly conducted activity and admissible under Rule 803(6), and because they are relevant to "show the extent of [Plaintiff's] physical ability, his tendency to exaggerate his symptoms of pain and discomfort, and his drug-seeking behavior." *Id*. at 4. Defendant

---

[1] CDC 1030 Confidential Information Disclosure Form, dated October 8, 2012 (Item 5); CDC Rules Violation Report KVSP-FA-12-11-016, dated August 26, 2014 (Item 7); CDC 837 Crime/Incident Report COR-HCO-13-08-0512, dated August 21, 2013 (Item 9); CDC 837 Crime/Incident Report KVSP-ISU-12-09-0491, dated September 11, 2012 (Item 10); CDC 602 Appeal COR HC14055926 and related responses (Item 12); CDC 602 Appeal KVSP 12-03481 (Item 13); and Plaintiff's Chronological History (Item 14). ECF No. 113 at 1-2.

argues that the documents from Plaintiff's medical file[2] are statements made for medical diagnosis or treatment and admissible under Rule 803(4). *Id*. at 5. Defendant also asserts that the documents are relevant because they tend to prove that treatment of Plaintiff's injury was satisfactory, that any delay in treatment was inconsequential, and that Plaintiff exaggerated his symptoms of pain. *Id*. at 6.

Items 5, 7, 9, 10, and 12-14 are admissible to the extent that Defendant relied upon those documents in determining whether or how to treat Plaintiff. To the extent Defendant seeks to use those documents to show that Plaintiff was feigning injury or seeking drugs when being treated for his spinal injury, that is, acting in conformity with prior acts of drug-seeking or malingering, that use is prohibited under Rule 404. *See Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 946-47 (9th Cir. 2009). Plaintiff's motions in limine as to these documents are otherwise denied as the documents are admissible as records of a regularly conducted activity and are relevant to explain Defendant's conduct in treating Plaintiff.

Plaintiff has not offered any specific grounds for objections as to any of the medical record exhibits (Items 15-45). Instead, it appears that he relies on his general assertions that the documents are "irrelevant, prejudicial, confusing, improper, or an undue consumption of time" and were placed in his medical file as retaliation. Admissibility of the medical records may be shown at trial, and the records are relevant whether Plaintiff received adequate medical treatment, and whether the delay, if any, in

---

[2] Medical Progress Note, dated January 29, 2013 (Item 15); Medical Progress Note, dated May 7, 2013 (Item 16); Medical Progress Note, dated May 21, 2013 (Item 17); Triage and Treatment Services Flow Sheet, dated August 21, 2013 (Item 18); TTA Progress Note, dated August 21, 2013 (Item 19); Progress Note, dated November 26, 2013 (Item 20); Health care Services Request, dated December 4, 2013 (Item 21); Encounters Form: Musculoskeletal, dated January 8, 2014 (Item 22); Encounter Form: Musculoskeletal, dated January 31, 2014 (Item 23); Health Care Services Request, dated February 11, 2014 (Item 24); Officer's Report of Alleged "Cheeking" Morphine, dated April 3, 2014 (Item 25); Medical Progress Note, dated July 2, 2014 (Item 26); Health Care Services Request, dated July 7, 2014 (Item 27); Health Care Services Request, dated July 10, 2014 (Item 28); Health Care Services Request, dated, July 21, 2014 (Item 29); Medical Progress Note, dated August 4, 2014 (Item 30); Progress Note, dated August 8, 2014 (Item 31); Health Care Services Request, dated November 19, 2014 (Item 32); Medical Progress Note, dated December 2, 2014 (Item 33); Health Care Services Request, date January 5, 2015 (Item 34); Health Care Services Request, dated January 26, 2015 (Item 35); Health Care Services Request, dated February 2, 2015 (Item 36); Medical Progress Note, dated February 12, 2015 (Item 37); Health Care Services Request, dated February 19, 2015 (Item 38); Health Care Services Request, dated March 11, 2015 (Item 39); Health Care Services Request, dated April 14, 2015 (Item 40); Medical Progress Note, dated May 13, 2015 (Item 41); Medical Progress Note, dated July 23, 2015 (Item 42); Physician's Progress Note, dated October 16, 2015 (Item 43); Health Care Services Request, dated February 23, 2017 (Item 44); The Opinion of Dr. Bennett Feinberg, Defendant's expert witness, dated November 7, 2017. ECF No. 113 at 2-3.

treating the injury caused harm. Therefore, Plaintiff's objections as to Items 15-45 fail.

**CONCLUSION AND ORDER**

Defendant has withdrawn Items 6, 8, and 11. Plaintiff shall inform Defendant whether or not he agrees to the proposed stipulation regarding Items 2-4. Plaintiff's motions in limine as to all other Items are DENIED.

IT IS SO ORDERED.

Dated: __**February 15, 2018**__ _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE